UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERBERT GRAY,**<br><br>    Plaintiff,<br>v.<br><br>**VICTORIA L. KUHN, ESQ.,** *et al,*<br><br>    Defendants. | Case No. 2:23-cv-846 (MCA) (SDA)<br><br>**ORDER ON PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL**<br><br>**August 15, 2025** |

**THIS MATTER** having come before the Court on the Notice of Motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 12) (the "Motion") by Plaintiff Herbert Gray ("Plaintiff"); and the Court having read and considered the papers submitted; and the Court further having decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78; and for good cause shown:

**IT IS ON THIS 15th day of August, 2025:**

1. Plaintiff's Motion for *pro bono* counsel is hereby **GRANTED**;

2. The Clerk of Court shall select an attorney from the civil *pro bono* panel;

3. The Clerk of Court shall mail a copy of this Order to *pro se* Plaintiff Herbert Gray;

4. The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 13.

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge

*Please see the attached Opinion.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERBERT GRAY,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**VICTORIA L. KUHN, ESQ.**, *et al*,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-846 (MCA) (SDA)<br><br>**OPINION** |

**STACEY D. ADAMS, United States Magistrate Judge**

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Herbert Gray ("Plaintiff") is currently an inmate at South Woods State Prison. He commenced this action on February 10, 2023 by filing a *pro se* complaint asserting claims for relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). (ECF No. 1). Judge Madeline Cox Arleo, U.S.D.J., granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on March 13, 2025. (ECF No. 3). Judge Arleo dismissed some of Plaintiff's claims as part of the *pro bono* screening process on November 6, 2024 (ECF No. 9, "Screening Op."). Further, Judge Arleo denied Plaintiff's request for *pro bono* counsel without prejudice, subject to refiling if Plaintiff's disabilities prevent him from completing the USM forms. (*Id.*).

The remaining causes of action remain: (1) the Eighth Amendment deliberate indifference claim against Defendant Lt. Davis; (2) the Eighth Amendment excessive force claims against Defendants Lt. Fernandez, John Does 1-3, Sergeant Williams, Officer Vazquez, John Does 4-10, and Sergeant Seguine; (3) the First Amendment retaliation claims against Defendants Marc Slim and Lt. Myers; (4) the inadequate medical care claims against Defendants Lt. Holder, Sergeant

Bleker, and Officer McKelvin; (5) the Rehabilitation Act claims against Defendants New Jersey Department of Corrections ("NJDOC"), Victoria Kuhn, Patricia McGill, Marc Sim, M. Tyson, and T. Hill, in their official capacities; (6) the ADA claims arising from the denial of a visual medical device against Defendants NJDCO and Victoria Kuhn, Patricia McGill, Marc Sim, M. Tyson, and T. Hill, in their official capacities. (*See Id.*).

Plaintiff filed the instant Motion on February 14, 2025. (ECF No. 13, "Mot."). Therein, Plaintiff stated the following:

> I am now in the "infirmary" [sic] with a lot of medical problems. I have a 8 page report, that will [sic] how blind I am, see page one to 8. Then see page 9. I cannot get a paralegal that no [sic] the law. There no one her[e] trained in the law. I can not get no one to read your Opinion. I am lock down 24 hours a day. I just come out to wash. I cannot present my own. the case, with a lawyer this is a win, win case. Legal issues is too complicated for me. I will sent [sic] documents showing.

(Mot. at 3). Plaintiff then attached several medical documents detailing his medical condition.[1] These documents demonstrate that Plaintiff has 20/200 vision in his right eye and no light perception (NLP), cataracts, neurovascular glaucoma, and other issues in the left eye. (Mot. at 5), The report, which is dated July 3, 2024, concludes that Plaintiff is "visually compromised and legally blind." (*Id.*).

## GOVERNING LAW

"Where an unrepresented Plaintiff in a civil suit is indigent, and where good cause exists for the appointment of *pro bono* counsel under 28 U.S.C.1915(e)(1), the District Court has discretion and authority to appoint *pro bono* counsel." *Brandt v. Ganey*, No. 06-cv-5639 (FLW), 2008 WL 5416393, at *1 (D.N.J. Dec. 22, 2008) (citing *Williams v. Hayman*, 488 F. Supp. 2d 446,

---

[1] The Clerk's Office placed the Motion under seal, as it contained Plaintiff's confidential medical information.

447 (D.N.J. 2007)). The Court has broad discretion to determine, on a case-by-case basis, whether to appoint counsel to a pro se litigant. *Role v. Local 3 P.M. & S.E. Union*, No. 08-cv-6011 (JAD), 2011 WL 52524, at *1 (D.N.J. Jan. 6, 2011) (citing *Tabron v. Grace,* 6 F.3d 147, 157 (3d Cir. 1993)).

As a threshold matter, in determining whether to appoint counsel, the Court must first analyze the substance of the underlying claims. *See Tabron*, 6 F.3d at 155. Only after a determination that a plaintiff's claim has merit in fact and law should the Court consider and evaluate the factors outlined in *Tabron. Id.* These factors include whether:

> (1) plaintiff is able to present their own case;
>
> (2) the legal issues involved are complex;
>
> (3) plaintiff has the ability to investigate the claims;
>
> (4) the case is likely to turn on credibility determinations;
>
> (5) the case will require expert testimony;
>
> (6) the party is unable to afford counsel on their behalf.

*Id.* at 155-56; *see also Pinto v. Gavilanez*, No. 16-cv-5201, 2017 WL 1051187, at *1-2 (D.N.J. Mar. 20, 2017); *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). However, although these factors are meant to guide the Court in making its determination, they are not exhaustive, and the Court may consider any other factor it deems relevant. *Tabron*, 6 F.3d at 157. Furthermore, the Court need not find that each of the *Tabron* factors is met before appointing pro bono counsel. *Brandt*, 2008 WL 5416393, at *11.

### I. ANALYSIS

As a primary matter, for the reasons discussed in Judge Arleo's Screening Opinion, the Court finds that Plaintiff's remaining claims has merit. (ECF No. 9). The fact that these claims

survived screening weighs in favor of appointing counsel. *See Owens v. Armstrong*, 171 F. Supp. 3d 316, 339 (D.N.J. 2016) (finding claims meritorious in appointing pro bono counsel where claims withstood screening).

Turning to the *Tabron* factors, the Court must first consider the ability of Plaintiff to present his case without the assistance of counsel. *See Tabron*, 6 F.3d at 156. This requires the Court to "review the plaintiff's education, literacy, prior work experience and prior litigation experience." *Christy v. Robinson*, 216 F. Supp. 2d 398, 409 (D.N.J. 2002) (citing *Tabron*, 6 F.3d at 156). "In addition, a court may weigh any restraints placed upon a plaintiff by virtue of the fact that he or she is a prisoner." *Id.* (citing *Montgomery v. Pinchak*, 294 F.3d 492, 510 (3d Cir. 2002) (quoting *Parham*, 126 F.3d at 459)).

Here, Plaintiff has provided medical documentation showing that he is legally blind and suffers from multiple eye problems. He stated he cannot even read the Court's Orders or Opinions, and no one at the prison has assisted him in doing so. This certainly impairs Plaintiff's ability to prosecute his case, as he is unable to read any Court filings, research his claims or complete basic tasks such as filling out and returning the USMS-285 service forms. Further, Plaintiff states he is in the infirmary 24 hours per day. This is consistent with the medical documents attached which state "possibly, patient to be residing in the infirmary for assistance with eating and feeding . . . ." (Mot. at 3). This impedes Plaintiff's access to the law library and ability to prepare legal documents. Accordingly, the first factor weighs toward appointing pro bono counsel.

The second *Tabron* factor, the complexity of the legal issues involved, also leans in favor of appointing pro bono counsel. Courts have found that § 1983 cases can be complex enough to require assistance of counsel. *See Montgomery*, 294 F.3d at 502 (citing *Parham*, 126 F.3d at 459)). The Third Circuit has found that "even where the ultimate [legal] issue appears relatively simple

. . . [s]implicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim." *Id.* (internal quotations omitted); *see also Tabron*, 6 F.3d at 157 (instructing that the difficulty of the legal issues must be considered "in conjunction with . . . the plaintiff's capacity to present his own case"). Here, Plaintiff has eight viable causes of action under Section 1983 and the ADA, each involving multiple Defendants. Therefore, the second *Tabron* factor also weighs in favor appointing pro bono counsel.

The third *Tabron* factor also weighs in favor of appointing pro bono counsel. This factor requires the Court to assess "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation." *Tabron*, 6 F.3d at 156. Certainly, if this case proceeds to discovery, factual investigation will be necessary. Plaintiff is confined to prison. Further, Plaintiff claims in his motion that he is only let out of the infirmary "to wash." (Mot. at 3). This, coupled with his poor eyesight, will render it virtually impossible for Plaintiff to properly investigate his claims. Thus, the third factor supports the appointment of *pro bono* counsel. *See Romero v. Ahsan*, No. 13-cv-7695 (FLW), 2015 WL 5455838, at *6 (D.N.J. Sept. 16, 2015) (finding this factor weighed in favor of appointing counsel where "the amount of factual investigation is likely beyond [p]laintiff's capacity.")

The fourth *Tabron* factor measures the degree to which "a case is likely to turn on credibility determinations . . . ." *Tabron*, 6 F. 3d at 156. Generally, this factor weighs in favor of appointment of counsel only in circumstances where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. While it is early in the case, and therefore difficult to assess this factor, there are various claims which may very well turn on the credibility of the witnesses to determine whether Plaintiff's claims are true. Therefore, this factor is possibly neutral, but more likely leans in favor of appointing pro bono counsel. *See Mitchell v. Twp. of Willingboro Mun.*

*Gov't.*, 913 F. Supp. 2d 62, 74 (D.N.J. 2012) (finding this factor warranted appointment of counsel where "sensitive issues[s]" would "need to be explored on cross examination by competent counsel.")

The fifth factor, which requires the Court to assess whether "the case will require testimony from expert witnesses," also weighs in favor of counsel. *Tabron*, 6 F. 3d at 156. This case involves disability related claims and allegations of inadequate medical care. Such claims will undoubtedly require expert discovery to ascertain the nature of Plaintiff's disabilities, possible accommodations and treatment. Therefore, this factor weighs in favor of appointing pro bono counsel. *See Romero*, 2015 WL 5455838, at *7 ("[B]ecause [p]laintiff's cause of action is based on the allegedly inadequate medical care he received, [p]laintiff is certain to require an expert opinion.")

Finally, the Court considers Plaintiff's financial ability to attain and afford counsel. *See Tabron*, 6 F.3d at 156. The Court recognizes that Plaintiff is incarcerated and has been granted permission to proceed *in forma pauperis* ("IFP"), which is indicative of an inability to afford counsel. *See Montgomery*, 294 F.3d at 505 (finding that approval of a plaintiff's IFP application evidences a plaintiff's inability to afford counsel under the sixth *Tabron* factor if the plaintiff's financial situation has not changed). There is no evidence in the record that Plaintiff can afford to retain counsel on his own behalf. On March 13, 2023 the Court approved Plaintiff's application to proceed IFP and there is nothing in the record to indicate any change in Plaintiff's financial situation since that time. (ECF No. 3). Plaintiff remains incarcerated. Plaintiff's inability to retain counsel is therefore another factor warranting the appointment of *pro bono* counsel.

Accordingly, the *Tabron* factors weigh in favor of appointing pro bono counsel for Plaintiff. The Court finds that the administration of this litigation will greatly benefit from the efficiency and clarity that would result from appointing an experienced trial attorney familiar with federal

practice and federal rules to serve as *pro bono* counsel for Plaintiff. *See Role*, 2011 WL 52524, *2. Further, Plaintiff is unable to effectively litigate this case due to his physical disabilities and the assistance of *pro bono* will help immensely in this regard.

## II. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**.

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge